CLD-192                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1876
_____

HARDAWAY VOLCY,
                                                  Appellant
                              v.

UNITED STATES OF AMERICA;
WARDEN RONNIE HOLT;
MS. KRIS ERICKSON, Officer;
LLOYD BENDER, Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-CV-02072)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 14, 2012)
_____

OPINION
_____

PER CURIAM

        Hardaway Volcy appeals from an order of the United States District Court for the

Middle District of Pennsylvania, which dismissed for lack of jurisdiction his petition filed

pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the judgment of the District Court.

Volcy was convicted in the United States District Court for the Middle District of Florida of conspiring to distribute and to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841; and aiding and abetting the possession of 100 kilograms or more of marijuana with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Volcy is serving a 97-month term of imprisonment. Volcy has twice unsuccessfully sought post-conviction relief pursuant to 28 U.S.C. § 2255 and has been denied leave to file a successive § 2255 motion.

Recently, Volcy, who is housed at a federal prison in Waymart, Pennsylvania, filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. In the petition, Volcy challenged the jurisdiction and authority of the criminal trial court, declared his innocence, raised claims of double jeopardy and ineffective assistance of counsel in connection with his criminal conviction, and argued that being forced to work at prison constituted an 8th Amendment and a 13th Amendment violation. Pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), Volcy was informed that he could have his petition ruled on as filed, have it re-characterized as a § 2255 motion and heard as such, or that he could withdraw his petition and file a comprehensive § 2255 motion within the period of limitations. Volcy elected to have the petition ruled upon as filed.

2

The Magistrate Judge assigned to the case determined that Volcy could not bring his claims pursuant to § 2241, as he had not shown that § 2255 was inadequate and ineffective. The Magistrate Judge thus recommended that the District Court dismiss the petition for lack of jurisdiction, and recommended that the Court dismiss Volcy's remaining motions as moot.[1] Over Volcy's objections, the District Court adopted the Magistrate Judge's recommendations. Volcy filed a timely appeal.[2]

The District Court correctly dismissed Volcy's petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). The "inadequate or ineffective" exception is

---

[1] In addition to the § 2241 petition, Volcy filed: (1) a "Writ of Protection and Motion for Mandamus for Issuance of 'Order' Under 28 U.S.C. § 1361," asking that certain officers be ordered to stay away from him, and seeking an order that he not be placed in the special housing unit; (2) a motion for appointment of counsel; and (3) a "Motion to Discharge Petitioner/Plaintiff from Custody on Habeas Corpus 28 U.S.C. § 2241 for Involuntary Servitude/Forced Labor and Cruel and Unusual Punishment Under the 8th and 13th Amendment of the Constitution and Other Grounds," complaining that he was being forced to work in prison, and that prison officers were harassing him.

[2] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

3

narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Okereke, 307 F.3d at 120 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). Volcy does not explain why § 2255 is inadequate or ineffective to raise his claims; instead, he simply argues that he has a fundamental right to raise his claims. But his claims that challenge his conviction could have been raised in a § 2255 motion. He is therefore not entitled to raise his claims under § 2241. Accordingly, the District Court lacked jurisdiction over those claims and correctly dismissed the action.

We further find no error in the District Court's decision to dismiss Volcy's remaining claims. Volcy's claims that he was being harassed by prison officials and forced to work are not claims that lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002) (where challenge is to condition of confinement such that finding in plaintiff's favor would not alter sentence or undo conviction, civil rights action is appropriate).

Similarly, to the extent Volcy invoked jurisdiction pursuant to 28 U.S.C. § 1361, the District Court did not err in dismissing the petition.[3] A district court has jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

---

[3] We review the District Court's denial of a writ of mandamus for an abuse of discretion, but our review of whether the requirements for mandamus have been satisfied as a matter of law is plenary. Arnold v. Blast Inter. Unit 17, 843 F.2d 122, 125 (3d Cir. 1988).

4

A party seeking the issuance of a writ of mandamus must "have no other adequate means to attain the relief he desires," and must show that the "right to issuance of the writ is clear and indisputable." Stehney v. Perry, 101 F.3d 925, 934 & n.6 (3d Cir. 1996) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (internal quotations and citations omitted)). To have a "clear and indisputable" right to the issuance of the writ under § 1361, the petitioner must show that he is owed "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc) (quotation marks omitted), rev'd on other grounds, 418 U.S. 166 (1974). As noted, Volcy's claims concerning prison conditions are commonly raised in a civil rights action. Further, his claims do not refer to any ministerial act. As the claims were not properly raised in a mandamus action, the District Court properly dismissed them.[4]

Because Volcy's appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6. His motion for the appointment of counsel is denied.

---

[4] Volcy's "Motion for Writ of Protection and Motion for Mandamus for Issuance of 'Order' under 28 U.S.C. § 1361," filed in this Court, is denied. We do not have original jurisdiction under § 1361. To the extent Volcy made the filing in order to secure our review of the District Court's dismissal of his claims under § 1361, we will affirm the District Court's dismissal of the claims, as noted above. To the extent Volcy sought to invoke our original jurisdiction pursuant to 28 U.S.C. § 1651, we similarly deny his petition for a writ of mandamus, as he has other means of bringing his claims.